**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov
ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JAYCOB TYLER KUTZERA,<br><br>Defendant. | CR 17-48-GF-BMM<br><br><br>**BRIEF IN SUPPORT OF UNITED STATES' FIRST MOTION IN LIMINE** |

In order to protect the privacy and reputation of the child victim, and to exclude irrelevant, misleading and inadmissible evidence in this case, the United States moves this Court *in limine* for a protective order and for an order precluding the introduction of certain information and testimony at trial.  The Government hereby files this brief in support of the motion.

1

### 1) Protective Order Regarding any Reference to Child Victim's Full Name in Open Court or in the Open Record.

Because a child victim (Jane Doe) is involved, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, apply to this case. The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be" either "a victim of a crime of physical abuse, sexual abuse, or exploitation" or "a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). "Exploitation" is defined as "child pornography" or "child prostitution." 18 U.S.C. § 3509(a)(6).

In addition to other protections, the Act permits the Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

> (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>
> (ii) provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3)(B).

Although closure of the courtroom is authorized by statute, the Government

is not seeking closure. Rather, the Government merely asks that the child victim involved be referred to by her first name only in open court at trial and during pre-trial and post-trial proceedings. The Government also requests that her full name, or other personal identifiers, be redacted from any exhibits filed in the open record. The Government makes this request in an effort to protect the privacy and reputation of the minor involved, to minimize additional emotional trauma which likely would result from publication of her identity, and to minimize any personal embarrassment the minor will experience at trial.

Courts in the 9th Circuit have closely adhered to the provisions in §3509(d). *See United States v. Yazzie*, 976 F.2d 1252, 1253 (9th Cir. 1992) (omitting a minor victim's name from the opinion pursuant to section (d)). The measures the United States seeks pass constitutional muster. In *United States v. Broussard*, 767 F. Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. *Id.*

Moreover, in *United States v. Anderson*, 139 F.3d 291, 301-02 (1st Cir. 1998), *cert. den. sub. nom. Coutermarsh v. United States*, 525 U.S. 866, 119 S. Ct. 158 (1998), the First Circuit upheld a district court's order prohibiting the

disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." *Anderson*, 139 F.3d at 302.

In this case, in addition to requesting that child-identifying information be redacted from documents that will become part of the public record, the Government requests that the minor involved be referred to at trial by her first name only instead of by her full name. This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05, 102 S. Ct. 2613 (1982); *Broussard*, 767 F. Supp. at 1546. Such a restriction is necessary because witnesses will be called to testify about incidents in which the minor engaged in sexually explicit activity while communicating with the defendant. The young age of the child[1] warrants protection of her identity. If no protective measures are taken, and the minor's identity is disclosed, she will likely be subject to inquiries and scrutiny from her families, friends, classmates, and members of the community. Disclosure of the

---

[1] Jane Doe's date of birth is XX/XX/2003.

minor's identity will thus likely harm the minor's well-being.

There are no alternatives that would adequately protect the well-being and the privacy of the minor involved in this case. As in *Anderson*, the Government is not requesting full closure of the courtroom during testimony from or about the minor; the Government simply asks that the minor be referred to by her first name only and that all exhibits disclosing her name or personal identifiers be redacted. If requested, the Government can provide to the defendant the full name and date of birth of the minor involved. The defendant will thus have the opportunity to conduct appropriate pre-trial investigation.

Given the compelling interest in protecting the welfare and privacy of the minor involved in this case, the United States respectfully requests that the Court grant the requested relief.

### 2) Exclude Evidence Relating to the Child Victim's Other Sexually Explicit Communications.

There is evidence in this case that the child victim, Jane Doe, may have also been sexually exploited online by individual(s) other than the defendant. Other than her communications with the defendant, the victim's other online chats/posts are irrelevant and should be inadmissible at trial pursuant to Federal Rule of Evidence 403. The United States requests the Court preclude the defendant from introducing any testimony, referencing or presenting any argument about the victim's online

chats or communications with anyone other than Kutzera.

The child victim's chats with anyone other than Defendant Kutzera are not material to the case, are not exculpatory and cannot be used for impeachment. Fed.R.Evid. 401, 402, 403 and 608(b). Because the online communications portray other sexual behavior, those online communications should also be excluded under Federal Rule of Evidence 412. *See United States v. Ogden*, 685 F.3d 600 (6th Cir. 2012) (exclusion of online chat logs indicating that child victim sent explicit images of herself to other men did not violate defendant's due process or Sixth Amendment right to present a complete defense; admission of logs was barred by rape shield law and the evidence would not have impeached victim's testimony that she created explicit images of herself and sent them to defendant at the defendant's request).

The fact that the child victim, Jane Doe, was in communication with individuals other than Kutzera is immaterial to whether Kutzera himself produced, received and possessed sexually explicit images of her. Even assuming another individual with whom Jane Doe chatted on line committed exactly the same crimes with her as Kutzera did, that fact does not absolve Kutzera of responsibility for his conduct or mitigate his guilt.

> **3) Exclude Any Reference to or Evidence Related to the Child Victim's Sexual History.**

Rule 412(a) of the Federal Rules of Evidence provides that the following

evidence is not admissible in a criminal proceeding involving alleged sexual misconduct:

> (1) evidence offered to prove that a victim engaged in other sexual behavior; or
>
> (2) evidence offered to prove a victim's sexual predisposition.

Fed.R.Evid. 412(a). The Advisory Committee makes clear that the word "behavior" should be construed broadly, including "all activities that involve actual physical conduct" as well as "activities of the mind, such as fantasies and dreams." Fed. R. Evid. 412, advisory committee's note; *see, e.g., B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) (in a sexual discrimination case, "sexual behavior" included testimony that victim modeled lingerie for two fellow police officers, once had an orgasm while using a sexual device and thinking of one of the witnesses and wanted to get the witness into bed and "hurt" him). While there are exceptions, none of the exceptions apply to this case. *See* Fed.R.Evid. 412(b)(1) (source of semen/injury; proof of consent; or violation of constitutional rights).

Trial courts have "wide latitude ... to impose *reasonable* limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or

only marginally relevant." *Ortiz v. Yates*, 704 F.3d 1026, 1035 (9th Cir. 2012) (emphasis in original) citing *Michigan v. Lucas*, 500 U.S. 145, 149 (1991). The restrictions may not be arbitrary or disproportionate to the purposes they are designed to serve. *Id.*

The indictment in this case alleges that Defendant Kutzera employed, used, persuaded, induced, enticed, and coerced, or attempted to employ, use, persuade, induce, entice or coerce, Jane Doe to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. (Doc. 1). Jane Doe is a minor. As a child victim, she could not consent to engage in the sexually explicit conduct. *United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) ("Minors lack the capacity to consent, and so sexual contact with a minor is always 'without consent.'"). Thus, the defendant cannot use other sexually explicit conduct and activities to suggest that Jane Doe agreed to engage in the conduct in this case. *See United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (The victims' prior sexual history "has no impeachment value here because evidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which [Defendant] has been charged.").

The evidence that the victim has a sexual history or evidence offered to prove the victim's alleged sexual predisposition would only confuse the jury and harass

8

the child. *See Ogden*, 685 F.3d at 606 (finding Rule 412's protections "especially important" for underage victims). *See also United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017)[2] (court properly excluded testimony relating to 16-year-old victim's sexual relationships with other men, under federal rule of evidence generally barring admission of evidence of victim's prior sexual behavior or sexual predisposition, in prosecution for production of child pornography). Evidence, testimony, questions, and argument regarding evidence identified in Rule 412(a) should be excluded.

### 4) Exclude any Testimony, Reference or Argument about the Victim's Alleged Consent.

Any claim that the minor was willing to engage in sexually explicit conduct is not a defense to the offense of sexual exploitation of children or other sex crimes involving minors. *See United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) (*citing United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004)) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or

---

[2] In *Laursen*, the defense theory was that he was not the man depicted in the sexually-explicit photographs with victim. The defendant was permitted to ask victim whether anyone else had taken sexually-explicit photographs of her and about her statements to detectives that her uncle had photographed her performing sexual acts. 847 F.3d at 1033. That defense has no application to this case where the defendant enticed the child to produce sexually explicit images of herself.

9

child molestation."). "Because the district court was correct as a matter of law that consent is not a defense to the crimes charged, it was not an abuse of discretion to exclude the consent evidence." *United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009) *citing United States v. Street,* 531 F.3d 703, 708 (8th Cir. 2008) (affirming the district court's exclusion of consent evidence as irrelevant in a prosecution under 18 U.S.C. § 2251(a) and finding no error in a jury instruction stating that "[a] minor's seemingly voluntary participation in sexually explicit conduct and/or in producing images of such conduct is not a defense" to a 2251(a) charge).

A defendant's right to present relevant evidence "is not unlimited, but rather is subject to reasonable restrictions," such as evidentiary and procedural rules. *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); *United States v. Espinoza-Baza*, 647 F.3d 1182 (9th Cir. 2011) (right to present evidence in support of defense is not without limits). The Supreme Court has indicated its approval of "well-established rules of evidence that permit trial judges to "exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009) *citing Holmes v. South Carolina*, 547 U.S. 319, 326, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). If facts do

not support a legally cognizable defense, they are not relevant, and their exclusion does not violate the Defendant's Sixth Amendment rights. *See United States v. Doe*, 705 F.3d 1134 (9th Cir. 2013); and *United States v. Powers*, 59 F.3d 1460, 1469–70 (4th Cir. 1995).

Here, if Defendant Kutzera attempts to argue that because Jane Doe has a history of internet-related activity, it was her idea to take the photos, and therefore Kutzera could not have engaged in the sexual encounter "for the purpose of" producing photographs, it should be excluded. At its core, this argument depends on the very sexual propensity logic that Rule 412 seeks to halt — because the victim was sexually active in the past, the jury should conclude that taking the pictures on this occasion was her idea. This is also simply another way of asserting Jane Doe consented.

Any argument that it was Jane Doe's idea to start taking the photographs is no defense to the charges. The Government must still prove through Kutzera's actions that taking the photos was one of his purposes and that he "used" Jane Doe. *See Raplinger*, 555 F.3d at 689; *Ortiz–Graulau v. United States*, 756 F.3d 12, 17-19 (1st Cir. 2014) (testimony that it was the minor's idea to take the pictures and "that the photographs were taken for no particular purpose" "did not support a lawful defense" to § 2251(a)). Accordingly, the United States seeks an order to preclude

11

defense counsel from referencing or arguing that the minor "consented" to engaging in sexually explicit conduct for the purpose of producing a visual depiction.

### 5) Evidence related to the child victim's psychological records or history.

The United States requests that the Court preclude the defense from cross-examining any witness about the psychological or psychiatric history of the child victim without the prior *in camera* review of any records. The Government is unaware of any diagnosed mental instability at the time of the online communications with the defendant. The United States does not possess psychological or psychiatric records of the child victim. The United States, moreover, is not required to obtain and produce psychological or psychiatric records from the victim that are not in the Government's possession.

In an abundance of caution, should the defendant obtain those records through other means, the United States moves this Court for a protective order precluding the introduction of such records, or the reference to any treatment or counseling, unless it is shown, after *in camera* review and by pretrial ruling of this Court, to go directly to the child victim's credibility. Any reference to the victim's mental health history would otherwise only serve to embarrass and harass the child. Fed.R.Evid. 403; 18 U.S.C. §3509(d)(3). Where a defendant sexually exploits a child online, it is not a defense to the crime that the child is depressed, before or

after, or had a history of mental health issues. This would be akin to arguing that the child consented to the sexual exploitation.

"One's psychiatric history is an area of great personal privacy which can only be invaded in cross-examination when required in the interests of justice" because such questioning "is manifestly unfair and unnecessarily demeaning of the witness." *United States v. Lopez*, 611 F.2d 44, 45 (4th Cir. 1979). A court should allow questioning on mental history only when "the witness' mental impairment is related to 'his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime.'" *Id.* (citation omitted).

Even if the child victim testifies at trial, depression, including cutting or attempted suicide, does not reflect on a witness's ability to tell the truth. *See United States v. Butt*, 955 F.2d 77, 82–83 (1st Cir. 1992) (witnesses hospitalization, depression, and attempted suicide were not relevant to credibility); *accord United States v. Antone*, 981 F.2d 1059, 1061 (9th Cir. 1992); *see also United States v. Sasso*, 59 F.3d 341, 347–48 (2d Cir. 1995) ("Evidence of a witness's psychological history may be admissible when it goes to her credibility. In assessing the probative value of such evidence, the court should consider such factors as the nature of the psychological problem, . . . the temporal recency or remoteness of the history . . .

13

and whether the witness suffered from the problem at the time of the events to which she is to testify, so that it may have affected her ability to perceive or to recall events or to testify accurately.").

In this case, the evidence will show that Defendant Kutzera possessed an image of Jane Doe with a gun to her head. Kutzera made recorded statements related to that image and another image of the victim with a knife. Beyond the specific facts of this case and what is disclosed in her communications with the defendant, it is unknown if Jane Doe has a history of depression. Assuming *arguendo* that Jane Doe was, or is being, treated for depression or suicidal ideation, Jane Doe's history of depression, suicidal ideation or on-going therapy is not relevant to her credibility as a witness. *United States v. Parrish*, 83 F.3d 430 (9th Cir. 1996) (court has discretion to conclude that psychiatric information is irrelevant and inadmissible under Rule 403).

Additionally, cross-examining another witness about Jane Does' mental health history would be completely irrelevant to whether the defendant sexually exploited Jane Doe for the purposes of producing a visual depiction of sexually explicit conduct. In an abundance of caution, the United States seeks an order precluding the defendant from introducing any mental health records or information of Jane Doe or cross-examining any witness about Jane Does' psychiatric history.

### 6) Exclude Reference to Potential Punishment or Specific-Instance Character Evidence.

This Court should act to preclude Defendant Kutzera and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding potential penalties that Defendant faces if convicted. Information about penalties draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against Defendant beyond a reasonable doubt. *See* 9th Cir. Crim. Jury Instr. §7.4. Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for Defendant and prejudiced against the United States. *See* 9th Cir. Jury Inst. §3.1.

Similarly, this Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any specific acts of Defendant's prior good conduct. Testimony as to multiple instances of good conduct violates Federal Rule of Evidence 405(a). *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987);

15

*Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985). Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except when "evidence of a pertinent trait of character [is] offered by an accused or by the prosecution to rebut the same."

Thus, a character witness may not offer specific instances of conduct by Defendant which would tend to support the reputation of Defendant. *See United States v. Giese*, 597 F.2d 1170 1188-94 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgecorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible.").

In interpreting the permissible scope of character evidence under Rule 404(a), the Ninth Circuit has ruled that presentation of witnesses to testify about a defendant's character for "law abidingness" and honesty is permissible. *See United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992). Nevertheless, the court has also held that asking a defense witness about the defendant's propensity to engage in a specific type of criminal activity is impermissible under Rule 404(a). *See id.* (finding it impermissible to ask character witnesses about a defendant's propensity

16

to engage in large scale drug dealing). Consequently, the United States moves *in limine* to prohibit Defendant from introducing testimony from any character witness regarding: (a) any specific instances of Defendant's conduct, and (b) Defendant's propensity to be involved in child exploitation crimes.

DATED this 14th day of November, 2017.

                KURT G. ALME
                United States Attorney

                */s/ Cyndee L. Peterson*
                Assistant U.S. Attorney
                Attorney for the Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 47.2(c) the word count of the attached brief contains 3,635 words, excluding caption, and certificates of service and compliance.

<i><u>/s/ Cyndee L. Peterson</u></i><br>
Assistant U.S. Attorney<br>
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2017 , a copy of the foregoing document was served on the following persons by the following means:


(1,2) CM/ECF
( ) Hand Delivery
( ) U.S. Mail
( ) Overnight Delivery Service
( ) Fax
( ) E-Mail

1. Clerk, U.S. District Court

2. Evangelo Arvanetes
   Counsel for defendant Kutzera


        */s/ Cyndee L. Peterson*
        Assistant U.S. Attorney
        Attorney for the Plaintiff