EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, Montana 59401
vann_arvanetes@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
    Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAYCOB TYLER KUTZERA,<br><br>Defendant. | **Case No. CR-17-48-GF-BMM**<br><br>**RESPONSE TO GOVERNMENT'S NOTICE OF RULE 414/404(B) EVIDENCE REGARDING POSSESSION OF OTHER CHILD PORNOGRAPHY** |

COMES NOW, Defendant Jaycob Tyler Kutzera, by and through his Counsel Evangelo Arvanetes, Assistant Federal Defender, and the Federal Defenders of Montana, and respectfully objects to the Government's request to place into evidence images of child pornography depicting children other than "Jane Doe".

1

I.      Introduction

Mr. Kutzera is charged by Indictment with 36 counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).  Each count carries a 15 year mandatory minimum. (Doc. 1).

The allegations are that Mr. Kutzera engaged in an on-line sexual relationship by chatting and visual medium.

On July 25, 2017, Mr. Kutzera appeared in front of United States Magistrate John T. Johnston and entered a plea of not guilty.  (Doc. 9).

On September 11, 2017, a trial continuance was granted.  (Doc. 18).  A second continuance was granted on October 31, 2017.  (Doc. 21).  Trial is currently set for March 5, 2018.

On November 14, 2018, the Government filed a Notice Pursuant to Fed. R. Evid. 414/403 with regard to other pictures from Mr. Kutzera's electronic media which include phone and computer hard-drive.  (Doc. 25).

Mr. Kutzera files this response.

II.     Legal Analysis

*United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), serves as a guide with regard to FRE 413 and 414 issues.

Mr. LeMay was a 24 year old Native American whose charges arose from an

incident occurring in Poplar, Montana, in the summer of 1997. Prior to trial, the Government filed a Notice Pursuant to Rule 414. It intended on using evidence from a juvenile rape conviction – which arose in 1989.

While one of the main issues concerned the constitutionality of the rule itself, the panel also discovered the overarching issue of how to protect a defendant's right to a fair trial by an impartial jury with regard to FRE 413 and 414 evidence. The panel demurred to FRE 403 and its ubiquitous balancing test. "[W]e have recently held that the balancing test of *Rule 403* continues to apply to these rules, and that district judges retain the discretion to exclude evidence that is far more prejudicial than probative." *LeMay*, 260 F.3d at 1026.

Further, *LeMay* opined: [quoting, *United States v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)] – "[W]e stated that 'because of the inherent strength of the evidence that is covered by [FRE 414], when putting this type of evidence through the [FRE 403] microscope, a court should pay 'careful attention to both the significant probative value and the strong prejudicial qualities' of that evidence.'" *LeMay*, at 1027.

In lieu of this guidance by caselaw, the panel laid out for the district court five (5) distinctive factors to use when deciding whether the Government's FRE 413 or 414 evidence passes FRE 403 muster.

3

These five factors in sum are:

- similarity;
- temporal proximity;
- frequency;
- presence or lack of intervening circumstances; and
- necessity.

### III. GOVERNMENT'S EVIDENCE

In light of the Government's Notice, Mr. Kutzera rebuts:[1]

#### 1. Images of "Jane Doe A"

Within the discovery provided by the Government at ICE offices, there are several images of another female in a bathroom which depict visualizations of sexually explicit conduct as defined in 18 U.S.C § 2256.

Mr. Kutzera objects first on a factual level whether the pictures are even illegal since it is reasonable to question whether the female is under the age of 18 years.

Mr. Kutzera also objects legally by challenging the admission of the images against the 403 balancing test and requests the Court to conduct such test prior to a decision on its admission.

---

[1] The undersigned believes the Government is requesting admission of two distinct people besides "Jane Doe" which comprise several images.

### 2. Images of "Jane Doe B"

Also within the discovery at ICE, there are two specific images of a female under the age of 12 years which depict visualizations of sexually explicit conduct.

While it is clear these two images fall within the definition of child pornography, Mr. Kutzera requests the Court to conduct a 403 balancing test prior to admission of the two images.

If the Court does decide to allow such images over Mr. Kutzera's continuing objection, then Mr. Kutzera would request in his defense the admission of testimony as to its origins. The origins, based upon Mr. Kutzera's review of the discovery at ICE, show that the two images of child pornography (Jane Doe B) came *from* Jane Doe's own media *after* her phone was already taken by law enforcement. This explanation would provide a sense of context to the receipt.

### IV. Conclusion

In all candor, most of the factors appear to favor the Government's argument with regard to Jane Doe B (as to Jane Doe A, Mr. Kutzera questions whether the images are even illegal to possess and thus inadmissible on other grounds). Thus if this Court allows the admission of the two images of Jane Doe B, Mr. Kutzera should at least be allowed to admit that the images came from Jane Doe and the temporal context.

WHEREFORE, Mr. Kutzera respectfully requests that this Court not admit either of the images of Jane Doe A or B.

RESPECTFULLY SUBMITTED this 8th day of February, 2018.

/s/ Evangelo Arvanetes

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on February 8, 2018, a copy of the foregoing document was served on the following persons by the following means:

 1, 2  CM-ECF
 ____  Hand Delivery
  3    Mail
 ____  Overnight Delivery Service
 ____  Fax
 ____  E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. CYNDEE L. PETERSON
   Assistant United States Attorney
   United States Attorney's Office
         Counsel for the United States of America

3. JAYCOB TYLER KUTZERA
         Defendant

/s/ Evangelo Arvanetes