**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JAYCOB TYLER KUTZERA,<br><br>Defendant. | CR 17-48-GF-BMM<br><br>BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF BOWMAN SMELKO |

The United States hereby files this brief in support of its motion in limine to preclude the proposed expert testimony of Bowman Smelko, Psy.D.

## BACKGROUND

The defendant is charged with 36 counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). (Doc. 1). The indictment charges that on or about

1

several dates identified in the indictment, the defendant "did employ, use, persuade, induce, entice, and coerce any minor, Jane Doe . . .to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2251(a).

The basis of the charges stem from the defendant chatting online with a then-12 year old girl. The chatting was on Facebook and through texting. The defendant and the victim engaged in sexually explicit conversations and exchanged sexually explicit images of each other. The victim informed the defendant that she was 12 years old, but the sexual conversations and the exchanging of sexually explicit images continued.

In order to prove each count in the indictment, the Government will have to prove:

>First, at the time, Jane Doe was under the age of eighteen years;
>
>Second, the defendant employed, used, persuaded, induced, enticed or coerced, or attempted to employ, use, persuade, induce, entice or coerce, Jane Doe, to take part in sexually explicit conduct for the purpose of producing a

visual depiction of such conduct; and

Third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce. *See* 8.181 Sexual Exploitation of Child, Ninth Circuit Court Pattern Jury Instructions.

On February 8, 2018, the defense disclosed Dr. Smelko as an expert witness. (Doc. 45)(hereinafter "Kutzera's Br."). The Defendant has indicated that Dr. Smelko will explain sexual fantasy and/or sexual role play to the jury. *Id.* The defense identifies that "the testimony will go toward [his] defense – that is, it is not the notion of having a real sexual relationship which was [his] goal, but rather it was specifically the sexual fantasy and/or sexual role play which [the Defendant] enjoyed in his charts with Jane Doe. Kutzera's Br. at 3. It does not appear that Dr. Smelko will testify about the Defendant's intent, but other people's intention of engaging in sexual fantasy online. *Id.* ("many individuals fantasize about sexual activity").

## ARGUMENT

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's specialized knowledge will help the trier of fact to understand the evidence.

3

Fed. R. Evid. 702. The admissibility of expert testimony is subject to certain requirements. *Id.*; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The district court's critical gatekeeping role applies with equal force to all types of proposed expert testimony. *Id.*, 509 U.S. at 589; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

Rule 104(a) allows the Court to decide any preliminary questions concerning the qualifications of an expert witness. A district court's ruling regarding expert witness qualifications is a matter within the court's broad discretion and will not be reversed unless it is manifestly erroneous. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997). Expert testimony must be *both* relevant and reliable. *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) (emphasis added). Relevancy requires the evidence to logically advance a material aspect of the party's case. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). The reliability inquiry is "a flexible one." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) (quoting *Kumho Tire*, 526 U.S. at 150).

Here, the defense theory that many individuals fantasize about sexual activity that they would never carry out in the real world, and therefore the defendant was only fantasizing or role playing in this case, is irrelevant because the evidence will show that Defendant Kutzera actually carried out his purported "fantasy" in this

case. The United States must prove that the Defendant used[1] or attempted to use Jane Doe, to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The requisite *mens rea* to commit the crimes charged in the indictment is "with the purpose to produce" the child pornography images. In this case, sexually explicit images in response to his express requests for the same, were created and sent to the defendant. Whether or not "many individuals" have sexual fantasies that they would never carry out in the real world is irrelevant to the jury's determination in this case and would only confuse the issue.

It is proper for a district court, in executing its gatekeeping function, to exclude irrelevant expert testimony. *United States v. Hofus*, 598 F.3d 1171, 1177 (9th Cir. 2010).[2] In *Hofus*, a similar expert witness was allowed to testify in general

---

[1] All actions include "employed, used, persuaded, induced, enticed or coerced, or attempted to employ, use, persuade, induce, entice or coerce." Doc. 1.

[2] The *Hofus* court held that the proffered expert testimony was propensity evidence, and that "even if the 'fantasy alone' testimony was offered to show an absence of intent to 'persuade, induce or entice' […], then it goes to the ultimate issue the jury must decide, and was properly excluded under Rule 704(b)." *Id*. at 1179. Even if expert testimony would "assist the trier of fact" within the meaning of Rule 702, such testimony may be excluded under Rule 704(b) if the testimony "state[s] an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged…." Fed. R. Evid. 704(b). "Expert witnesses may not draw an inference which would necessarily compel the conclusion that the defendant lacked the requisite mens rea." *United States v. Cohen*, 510 F.3d 1114, 1125 (9th Cir. 2007).

about "fantasy-based communications" but was prevented from "expressing any opinion concerning [the defendant's] actual intent at the time specific acts occurred." *Id.*

But in this case, *Hofus* is distinguishable and even "in general" testimony from the expert has no application. In *Hofus*, the defendant was charged with attempting to coerce and entice a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). As such, the United States had to prove that Hofus attempted to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity. In differentiating it from another case, the Court noted that there is a difference in attempting to entice a minor to engage in sexual activity and actually attempting to *engage* in sexual activity with a minor. 598 F.3d at 1178 (emphasis in original).

The generalized, fantasy-based communications argument has no relevance to this case. As the Ninth Circuit stated:

> [T]he proffered testimony that Hofus valued the sexual texting with B.T. "in fantasy alone" necessarily implies that Hofus lacked the intent to actually have sex with B.T., but does not make it more likely or not that he attempted to entice or persuade her to agree to an illegal sex act. *See Goetzke*, 494 F.3d at 1236 (describing § 2422(b) violation as an attempt to achieve the mental act of assent, as opposed to an attempt to engage in intercourse).

*Id*. at 1178-79 (also stating the district court correctly noted that this portion of the expert's proposed testimony would likely confuse the jury as to which intent it was required to find Hofus had possessed).

6

In *Hofus*, the Ninth Circuit determined that the district court properly allowed expert testimony about the large number of people who engage in sexual texting or chat rooms for pure fantasy. *Id.* at 1180. In the § 2422(b) coercion and enticement trial, that enabled the defense to argue to the jury in closing that "Hofus was one of those people, that it was just fantasy, and that in Hofus's mind there was no real intent, that it was all divorced from reality." *Id*. However, that presentation has no application to Defendant Kutzera's "purpose" of "using" Jane Doe to produce sexually explicit images of her in this case. The argument wholly conflicts with the evidence in this case where images were actually produced.

Moreover, the United States previously filed a motion in limine to exclude any testimony, reference or argument about the victim's alleged consent to the crime. (Doc. 23).[3] As identified, any claim that the victim was willing to engage in sexually explicit conduct is not a defense to the offense of sexual exploitation of children or other sex crimes involving minors. *See United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) (citing *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004)) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the

---

[3] The defendant objected to the motion in limine regarding precluding evidence and argument of victim consent. (Doc. 27).

offense of statutory rape or child molestation."). (Doc. 23) at 9-10. In his expert notice, the defendant asserts "the evidence will show via the chats between the two that they were role playing while chatting on many occasion." Kutzera's Br. At 3. The law is clear that consent is not a defense to these charges. The victim was a child. Any testimony that she was voluntarily engaging in sexual role play with the defendant because "many individuals fantasize about sexual activity" is irrelevant and should be excluded.

The Court should exclude direct or indirect testimony about the defendant's mental state and any other irrelevancies[4] to the case. Such testimony clearly invades the province of the jury. However, in this case, the presentation of testimony about "fantasy role-playing" in general would also be irrelevant, have nothing to do with the charged offenses here, confuse the jury and could mislead the jury in violation of Rules 402 and 403.

DATED this 13th day of February, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Cyndee L. Peterson*
        Assistant U.S. Attorney
        Attorney for the Plaintiff

---

[4] The final written report was filed shortly before the filing of this brief. The reports makes references to irrelevant issues such as female rape fantasies and shemales.

CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 47.2(c) the word count of the attached brief contains 1,726 words, excluding caption, and certificates of service and compliance.

/s/ Cyndee L. Peterson
Assistant U.S. Attorney
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on 2/13/18, a copy of the foregoing document was served on the following persons by the following means:

(1)  CM/ECF
( )  Hand Delivery
( )  U.S. Mail
( )  Overnight Delivery Service
( )  Fax
( )  E-Mail

 1) Evangelo Arvanetes
    Attorney for defendant Kutzera

*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff