**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E Pine, 2nd Floor**
**Missoula, MT  59802**
**Phone: 406-542-8851**
**FAX: 406-542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JAYCOB TYLER KUTZERA,**<br><br>Defendant. | **CR 17-48-GF-BMM**<br><br>**BRIEF IN SUPPORT OF UNOPPOSED MOTION IN LIMINE FOR COURTROOM CLOSURE DURING CHILD'S TESTIMONY AND LIMITING PUBLISHING OF CHILD PORNOGRAPHY** |

The United States of America, by and through the undersigned Assistant

United States Attorney, submits this brief in support of its unopposed motion for

courtroom closure and limitation on publication of child pornography.

Title 18, United States Code, Section 3509 provides protections for child

crime victims.  Among them, § 3509(e) provides that:

1

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

18 U.S.C. § 3509(e). In addition, § 3509(d)(3) states:

> (A)  On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

> (B)  A protective order issued under subparagraph (A) may –

>> (i)  provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

>> (ii)  provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3). This case involves the sexual exploitation of a minor child by the defendant through the production of sexually explicit images of the minor. In order to spare the child further trauma, the United States respectfully requests that the courtroom be closed during the minor's testimony. Closing the courtroom while the minor child testifies will prevent disclosure of the child's identity, and prevent her from any further traumatization or embarrassment.

2

The United States also seeks limitations to the publication of the sexually explicit images of the child.  In order to meet the government's burden of proof in this case, the government will seek to display image and video files of the child to the jury.  Those files depict the child engaged in sexually explicit conduct.  In order to prevent the disclosure of the identity of the child victim depicted in those files and to prevent any further embarrassment and trauma to the child, the United States respectfully request the Court turn off the monitors which would publish the images and videos to the public in the courtroom.

A.  Closure of the Courtroom

The Supreme Court has recognized that, while "the press and general public have a constitutional right of access to criminal trials," this right is not absolute. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603, 606 (1982).  The circumstances in which the press and general public may be barred from a criminal trial are limited; the justification for denying them access "must be a weighty one." *Id.* at 606.  The Court stated that, when the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  *Id.* at 607.  While the Court acknowledged that "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest, the Court found that this interest did not justify a mandatory

3

closure of the courtroom.  *Id.* at 607-08.  Instead, the trial court must determine on a case-by-case basis whether closure is necessary to protect the welfare of the juvenile.  *Id.* at 608.

The factors to be considered are "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives."  *Id.*   In this case, the minor was the age of 12 at the time of the online sexual exploitation.  At the time of her testimony, she will be 13 years old.  The nature of the crimes charged herein involves the exploitation of the minor by means of solicitation and production of sexually explicit images of her.  The sexually explicit conduct in the files is graphic and includes penetration of the child with foreign objects and depicts masturbation.

It will be very difficult and embarrassing for the minor child to describe the abuse and exploitation perpetrated upon her by the defendant in this case.  Further, having to testify about these matters in open court may result in the minor having difficulty communicating the facts.  These factors weigh heavily in favor of closing the courtroom during the child's testimony.  Accordingly, to protect the privacy of, and prevent embarrassment or detriment to, the juvenile victim, the United States respectfully requests that the courtroom be closed during her testimony.  The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case.  *See* 18 U.S.C. § 3509(e).

4

In *Globe Newspaper Co.*, the Supreme Court found that the state statute at issue, which required mandatory closure of the courtroom to the press and public during the testimony of minor victims in criminal sex offense trials, violated the First Amendment.  In a footnote to its holding, however, the Court stated:

> We emphasize that our holding is a narrow one: that a rule of mandatory closure respecting the testimony of minor sex victims is constitutionally infirm.  In individual cases, and under appropriate circumstances, the First Amendment does not necessarily stand as a bar to the exclusion from the courtroom of the press and general public during the testimony of minor sex-offense victims.  But a mandatory rule, requiring no particularized determinations in individual cases, is unconstitutional.

*Globe Newspaper Co.*, 457 U.S. at 611 n.27.  Unlike that statute, Title 18, United States Code, Section 3509(e) does not require automatic closure whenever a minor victim testifies in a sexual exploitation case.  Rather, it requires a determination that "requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate."  18 U.S.C. § 3509(e).  The statute also dictates that the trial court's order closing the courtroom "shall be narrowly tailored to serve the Government's specific compelling interest."  *Id.*

A case-by-case determination of whether the courtroom should be closed is in accord with the Supreme Court's decision in *Globe Newspaper Co.  See Globe Newspaper Co.*, 457 U.S. at 609 ("That interest [safeguarding the physical and psychological well-being of a minor] could be served just as well by requiring the

trial court to determine on a case-by-case basis whether the State's legitimate concern for the well-being of the minor victim necessitates closure.  Such an approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest.").  Further, unlike the facts in *Globe Newspaper Co.*, the name of the minor victim has been kept confidential throughout this matter.

The Supreme Court had placed the burden upon the party seeking closure to demonstrate two things: (1) an overriding interest likely to be prejudiced by an open courtroom – which, in this case, is set out by statute – and (2) that the closure sought is no broader than is necessary to protect that interest.  *See Waller v. Georgia*, 467 U.S. 39,  48 (1984); *Judd v. Haley*, 250 F.3d 1308, 1317 (11th Cir. 2001).  The Seventh Circuit has expanded on *Waller*, adding two additional prongs: (3) alternatives to closure must be considered by the trial court; and (4) the court must make findings sufficient to support the closure. *Walton v. Briley*, 361 F.3d 431, 433 (7th Cir. 2004) (citing *Waller*, 467 U.S. at 48).  While these factors and tests were formed outside of the Victims' Protection and Rights Act context, they were designed to alleviate any constitutional concerns a closure might raise, and the Court considers them relevant, though not dispositive.

Requiring the minor victim of this offense to testify in open court, perhaps in conjunction with the display of graphic child pornography depicting that victim,

and particularly in a case in a smaller community where the victim is known to her peers, would "cause substantial psychological harm to the child or would result in the child's inability to effectively communicate."  The minor would be forced to relive, or to confirm, her victimization and the egregious violation of her privacy to members of the public, and potentially to members of the press who would disseminate that information to the community.

Finally, defendant will not be prejudiced by the closure since he will be present in the courtroom to hear the evidence against him, and will have the opportunity to confront the victim.  In addition, he does not oppose this request.

B.  Limit Publication of the Sexually Explicit Images

The decision whether, when, and how to allow access to documents filed in connection with criminal proceedings, which generally extends to photographic evidence: "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *See In re Associated Press*, 172 Fed. Appx. 1, 3 (4th Cir. 2006) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978)).  "Every court has supervisory power over its own records and files, and access [may be] denied where court files might . . . become a vehicle for improper purposes."  *Id.* at 598.

Furthermore, 18 U.S.C. § 3509(d)(3)(B)(ii) provides that a protective order issued to prevent disclosures detrimental to a child may also "provide for any other

7

measures that may be necessary to protect the privacy of the child." With respect to any potential sexually explicit images of the child that might be displayed during trial, this is just such a case. There is no particularly compelling reason why the public sitting in the gallery would need to see contraband images that display a child engaged in graphic sexual conduct. It would be detrimental to the minor to put her victimization on display.

WHEREFORE, the United States respectfully requests that the Court grant this motion together with any further relief that the Court deems proper.

Dated this 15th day of February, 2018.

KURT G. ALME
United States Attorney


/s/ Cyndee L. Peterson
CYNDEE L. PETERSON
Assistant U. S. Attorney

CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 47.2(c) the word count of the attached brief contains 1,740

words, excluding caption, and certificates of service and compliance.


/s/ Cyndee L. Peterson
CYNDEE L. PETERSON
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on 2/15/18, a copy of the foregoing document was served on the following persons by the following means:

(1)    CM/ECF

( )    Hand Delivery

( )    U.S. Mail

( )    Overnight Delivery Service

( )    Fax

( )    E-Mail

1.    Evangelo Arvanetes- Attorney for defendant Kutzera

/s/ Cyndee L. Peterson
CYNDEE L. PETERSON
Assistant U. S. Attorney

10