**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 832 (59807)**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone:  (406) 542-8851**
**Fax:  (406) 542-1476**
**E-mail:  Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-48-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PARTIES' JOINT <u>PROPOSED JURY INSTRUCTIONS- WORKING COPY</u>** |
| **JAYCOB TYLER KUTZERA,** | |
| **Defendant.** | |

Plaintiff United States of America, by and through its counsel of

record, Cyndee L. Peterson, Assistant U.S. Attorney for the District of

Montana, hereby submits the Parties' Joint Proposed Jury Instructions

numbers 1-40.

Respectfully submitted this 20th day of February, 2018.

> KURT G. ALME
> United States Attorney
>
> /s/ *Cyndee L. Peterson*
> Assistant United States Attorney
> Attorney for Plaintiff

Instruction No. _____

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.   These are preliminary instructions.   At the end of the trial I will give you more detailed instructions.   Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

"Duty of the Jury", Section 1.1, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ___1___

Instruction No. ____

This is a criminal case brought by the United States government.   The government charges the defendant with 35 counts of Sexual Exploitation of a Child. The charges against the defendant are contained in the indictment.   The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt.   A defendant has the right to remain silent and never has to prove innocence or present any evidence.

"The Charge – Presumption of Innocence", Section 1.2, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ___2___

Instruction No. _____

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

"What is Evidence", Section 1.3, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __3__

Instruction No. ____

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

"What is Not Evidence", Section 1.4, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. __4__

Instruction No. ____

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.   Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

"Direct and Circumstantial Evidence", Section 1.5, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __5__

Instruction No. _____

There are rules of evidence which control what can be received into evidence.   When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.   Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.   That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

"Ruling on Objections", Section 1.6, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __6__

Instruction No. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

"Credibility of Witnesses", Section 1.7, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ____7____

Instruction No. ___

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.   Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.   This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.   This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.   But, if you are asked or approached in any way about your jury service or anything about this case,

you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

"Conduct of the Jury", Section 1.8, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   8

Instruction No. ___

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

"No Transcript Available to the Jury", Section 1.9, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   9

Instruction No. ____

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   Do not let note taking distract you so that you do not hear other answers by witnesses.   When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said.   Notes are only to assist your memory.   You should not be overly influenced by the notes.

"Taking Notes", Section 1.10, Ninth Circuit Manual of Model Jury Criminal Jury Instructions (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.  __10__

Instruction No. ____

The next phase of the trial will now begin. First, each side may make an opening statement.   An opening statement is not evidence.   It is simply an outline to help you understand what that party expects the evidence will show.   A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.   Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

"Outline of Trial", Section 1.11, Ninth Circuit Manual of Model Jury Criminal Jury Instructions (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   11

Instruction No. ____

We are about to take our first break.   Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.   This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.   If anyone tries to communicate with you about the case, please let me know about it immediately.   Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.   Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.   Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

"Cautionary Instruction - First Recess", Section 2.1, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __12__

Instruction No. ____

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

"Bench Conferences and Recesses", Section 2.2, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.  __13__

Instruction No. _____

You are about to hear evidence that the defendant may have committed a similar offense of child molestation.

You may use this evidence to decide whether the defendant committed the act charged in the indictment. You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

"Similar Acts in Child Molestation Cases", Section 2.10A, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition).

JOINT PROPOSED INSTRUCTION NO.   14

Instruction No. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

"Duty of Jury to Find Facts and Follow Law", Section 3.1, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   15

Instruction No. \_\_\_\_

The indictment is not evidence.   The defendant has pleaded not guilty to the charges.   The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

"Charge Against Defendant not Evidence — Presumption of Innocence - Burden of Proof", Section 3.2, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   \_\_16\_\_

Instruction No. ____

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

"Defendant's Decision Not to Testify", Section 3.3, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __17__

Instruction No. ____

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Defendant's Decision to Testify", Section 3.4, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   18

Instruction No. ____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.   It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.   It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.   On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

"Reasonable Doubt Defined", Section 3.5, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. __19__

Instruction No. ____

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

"What is Evidence", Section 3.6, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ___20___

Instruction No. ____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.   Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

"What is Not Evidence", Section 3.7, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   21

Instruction No. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

"Credibility of Witnesses", Section 3.9, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.___22___

Instruction No. ____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

"Activities Not Charged", Section 3.10, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. __23__

Instruction No. ____

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

"Statements by Defendant," Section 4.10, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. __24__

Instruction No. _____

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

"Opinion Evidence, Expert Witness," Section 4.14, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.  __25__

Instruction No. ____

Certain charts and summaries have been received into evidence.   Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

"Charts and Summaries in Evidence", Section 4.16, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. __26__

Instruction No. ____

When you begin your deliberations, you should elect one member of the jury as your foreperson.   That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.   Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

"Duty to Deliberate", Section 7.1, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ___27___

Instruction No. ____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

"Consideration of Evidence", Section 7.2, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.  _28___

Instruction No. ____

Some of you have taken notes during the trial.   Whether or not you took notes, you should rely on your own memory of what was said.   Notes are only to assist your memory.   You should not be overly influenced by the notes or those of your fellow jurors.

"Use of Notes", Section 7.3, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __29__

Instruction No. ____

The punishment provided by law for this crime is for the court to decide.

You may not consider punishment in deciding whether the government has proved

its case against the defendant beyond a reasonable doubt.

"Jury Consideration of Punishment", Section 7.4, Manual of Model Criminal Jury
Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.  __30__

Instruction No. ___

It is charged in Counts 1 through 31 and Counts 33 through 36 of the Indictment:

That on or about the dates set forth in the table below, in Cascade County, in the State and District of Montana and elsewhere, the defendant, JAYCOB TYLER KUTZERA, did employ, use, persuade, induce, entice, and coerce any minor, Jane Doe, who is known to the defendant but whose name is withheld to protect her identity, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, namely the file identified with the associated date in the table below, knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2251(a).

| COUNT | DATE | FILE |
|---|---|---|
| 1 | April 7, 2016 | Image sent via Facebook at 5:08 p.m. |
| 2 | April 7, 2016 | Image sent via Facebook at 10:37 p.m. |
| 3 | April 8, 2016 | Image sent via Facebook at 2:37 p.m. |
| 4 | April 11, 2016 | Image sent via Facebook at 5:15 p.m. |
| 5 | July 10, 2016 | video file *3-428109.mp4* |

| 6 | July 10, 2016 | video file *3-428529.mp4* |
| 7 | July 10, 2016 | video file *3-428532.mp4* |
| 8 | July 10, 2016 | image file *3-428494.jpg* |
| 9 | July 10, 2016 | image file *3-428504.jpg* |
| 10 | July 10, 2016 | Image file *3-428512* |
| 11 | July 10, 2016 | Image file *3-428513* |
| 12 | July 10, 2016 | Image file *3-428514* |
| 13 | July 10, 2016 | Image file *3-428515* |
| 14 | July 10, 2016 | Image file *3-428516* |
| 15 | July 10, 2016 | Image file *3-428518* |
| 16 | July 10, 2016 | Image file *3-428519* |
| 17 | July 10, 2016 | Image file *3-428521* |
| 18 | July 11, 2016 | image file *3-428018.jpg* |
| 19 | July 11, 2016 | image file *3-428500.jpg* |
| 20 | July 11, 2016 | image file *3-428502.jpg* |
| 21 | July 11, 2016 | image file *3-428497.jpg* |
| 22 | July 11, 2016 | image file *3-428488.jpg* |
| 23 | July 11, 2016 | image file *3-428505.jpg* |
| 24 | July 11, 2016 | image file *3-428493.jpg* |
| 25 | July 11, 2016 | image file *3-428491.jpg* |

| 26 | July 11, 2016 | image file *3-428495.jpg* |
| 27 | July 11, 2016 | image file *3-428498.jpg* |
| 28 | July 11, 2016 | image file *3-428503.jpg* |
| 29 | July 11, 2016 | image file *3-428501.jpg* |
| 30 | July 11, 2016 | image file *3-428099.jpg* |
| 31 | July 11, 2016 | image file *3-428492.jpg* |
| 33 | July 11, 2016 | image file *3-428510.jpg* |
| 34 | July 12, 2016 | image file *3-239651.jpg* |
| 35 | July 12, 2016 | image file *3-428509.jpg* |
| 36 | October 1, 2016 | Video found on Kutzera's LG cellular phone with hash value: d27656675c8a2695edd1575f3d696bce |

18 U.S.C. § 2251(a) –Indictment

JOINT PROPOSED INSTRUCTION NO.   31

Instruction No. ____

The defendant is charged in Counts 1 through 31 and Counts 33 through 36 of the Indictment with Sexual Exploitation of a Child in violation of Section 2251(a) of Title 18 of the United States Code.   In order for the defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, Jane Doe was under the age of eighteen years;

Second, the defendant knowingly employed, used, persuaded, induced, enticed or coerced Jane Doe to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported in and affecting interstate or foreign commerce by any means including by a computer, or the visual depiction was produced using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce.

In this case, "sexually explicit conduct" means actual or simulated:

(i)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii)    bestiality;

(iii)   masturbation;

(iv)   sadistic or masochistic abuse; or

(v)   lascivious exhibition of the genitals or pubic area of any person.

With respect to "lascivious exhibition of the genitals or pubic area of any person" as contained in the definition of "sexually explicit conduct":

Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall context of the material. It is for you to decide the weight or lack of weight to be given to any of the following factors.   A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area, and you may find that the image is a lascivious exhibition of the genitals even if only one or more of the factors is present.

You may consider such factors as:

(1) whether the focal point of the picture or image is on the child's genitals or pubic area;

(2) whether the setting of the picture or image is sexually suggestive, that is, in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; and

(6) whether the picture or image is intended or designed to elicit a
sexual response in the viewer.


In this case, "producing" means producing, directing, manufacturing, issuing,
publishing, or advertising.


"Sexual Exploitation of Child" - Instruction 8.181, Model Criminal Jury
Instructions for the Ninth Circuit (2010 Edition); 18 U.S.C. § 2251(a); *United States
v. Dost*, 636 F. Supp. 828 (N.D. Cal. 1986) (above six factors outlined in the jury
instruction are the factors commonly known as the "Dost" factors) *quoted by United
States v. Overton*, 573 F.3d 679, 686-87 (9th Cir. 2009).


JOINT PROPOSED INSTRUCTION NO. __32__

Instruction No. ____

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

"Separate Consideration of Multiple Counts," Section 3.11, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __33__

Instruction No. ____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.   The government is not required to prove that the defendant knew that his acts or omissions were unlawful.   You may consider evidence of the defendant's words, acts, omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

"Definition of Knowingly", Section 5.6, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __34__

Instruction No. ____

The following definitions apply:

Visual depiction includes data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

A minor is any person under the age of 18 years.

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

The term "foreign commerce" includes commerce with a foreign country.

The Internet, computers and cell phones are each facilities of interstate commerce.

18 U.S.C. §§ 2256(1), (5); Section 8.181, Comment, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition); 18 U.S.C. § 10; Pattern Crim. Jury Instr. 11th Cir. 92.2.; *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) (Internet); 18 U.S.C. § 2251(d) (including by computer); and *United States v. Young,* 613 F.3d 735, 742 (8th Cir. 2010).

JOINT PROPOSED INSTRUCTION NO. __35__

Instruction No. ____

The indictment charges that the offense alleged in the indictment was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

"On or About - Defined", Section 3.20 Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   36

Instruction No. ____

Included in the indictment is a forfeiture allegation which states:

As a result of the commission of the crimes described above, and upon his

conviction, the defendant, JAYCOB TYLER KUTZERA, shall forfeit to the United

States, all right, title and interest in the following described property that represents

property used to commit the offense:

- HP Slimline Desktop computer, s/n 4C14220ZX4, and

- LG LGMS345 cell phone, s/n 512CYAS357768,

pursuant to 18 U.S.C. § 2253(a).

18 U.S.C. § 2253 - Forfeiture Allegation of Indictment

JOINT INSTRUCTION NO.   __37__

Instruction No. ____

A forfeiture allegation in violation of Section 2253 of Title 18 of the United States Code is included in the indictment.   In order for the forfeiture allegation to be true, the government must prove that certain property, namely:

- HP Slimline Desktop computer, s/n 4C14220ZX4, and
- LG LGMS345 cell phone, s/n 512CYAS357768,

were used to facilitate the commission of the offenses in the indictment.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.   This means the government only has to convince you that it is more likely than not that the property was used to facilitate the commission of the offense in the indictment.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

18 U.S.C. § 2253(a) - Forfeiture Elements

JOINT INSTRUCTION NO.   __38__

Instruction No. ____

A verdict form has been prepared for you.   After you have reached
unanimous agreement on a verdict, your foreperson will complete the verdict
according to your deliberations, sign and date it, and advise the bailiff that you are
ready to return to the courtroom.

"Verdict Form", Section 7.5, Manual of Model Criminal Jury Instructions for the
Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO.   __39__

Instruction No. ____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.   No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.   If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

"Communication with Court", Section 7.6 Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition)

JOINT PROPOSED INSTRUCTION NO. ___40___