**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E Pine, 2nd Floor**
**Missoula, MT  59802**
**Phone: 406-542-8851**
**FAX: 406-542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**JAYCOB TYLER KUTZERA,**<br><br>**Defendant.** | **CR 17-48-GF-BMM**<br><br>**UNITED STATES'**<br>**REQUESTED GENERAL**<br>**AND CASE SPECIFIC**<br>***VOIR DIRE*** |

Plaintiff United States of America, by and through its counsel of record,

Cyndee L. Peterson, Assistant U.S. Attorney for the District of Montana, hereby

submits the United States' Requested Voir Dire, pursuant to Rule 24(a), Fed. R.

Crim. P.

//

//

## PART I - GENERAL VOIR DIRE

### A.  Knowledge of parties and attorneys

1.  The defendant in this case is Jaycob Tyler Kutzera who is a resident of California.  Does any member of the panel know the defendant or any member of his family?

2.  Does any member of the panel know the following potential witnesses who could be called in the trial:

*[The witnesses' names will be provided on the witness lists the parties will provide to the Court.]*

3.  Does any member of the panel know Mr. Kutzera's attorney Vann Arvanetes from Great Falls?

4.  Do you know, have you been represented by, or have friends or relatives who know or have been represented by the Federal Defenders Office?

5.  Does any member of the panel know the Assistant U.S. Attorney, Cyndee Peterson from Missoula?

6.  Do you know, have you been prosecuted by, or have friends or relatives who know or have been prosecuted by, the U.S. Attorney's Office?

### B.  Law Enforcement

1.  Have you ever received any training in law enforcement?  If so, please describe the nature of your training and length of the training.

2.  Has any member of the panel, or relative or close friend, ever been employed by any federal, state, local or private law enforcement agency, such as a police department, a sheriff's office, a private security company, or a penitentiary or other custodial facility?  If so, in what capacity did you, your relative or close friend serve?  If a relative or close friend is or was so employed, do you or did you often discuss their work with them?

**C.  Previous Jury Service**

1.  Has any member of the panel previously served as a juror?

2.  If so, was the case civil or criminal in nature?

3.  What was the outcome of the case?

4.  Is there anything about that experience that might interfere with your ability to be fair and impartial in this case?

**D.  Previous Experience As A Party To Litigation**

1.  Have you ever been a party to a lawsuit which has resulted in a trial?

2.  If so:

    (a)    were you a plaintiff or a defendant?

    (b)    what was the nature of the litigation?

    (c)    do you believe that you and/or the party with whom you were associate with in the litigation were treated fairly or unfairly by the legal system?

    //

**E.     Dealings With The Government**

1.  Have you or any of your relatives or close friends ever had any unfavorable dealings or involvement, for example, disputes, lawsuits, audits, etc., with the United States Government or the United States Attorney's Office?

2.  Do any of you have any personal feelings about the federal government for whatever reason?

**F.     Legal Training and Experience**

1.  Have you had any training in law?

2.  Are you a practicing attorney?

    (a)     What was/is your area of practice?

    (b)     Has your practice ever involved criminal law?

        (i)     as a prosecutor?  If so, where and when?

        (ii)     as a defense attorney?  If so please describe the nature of your criminal defense practice?

3.  Are you or have you been a member of any criminal defense or prosecution-oriented associations or organizations?  If so, please elaborate.

4.  Are any members of your family, close friends, or work associates attorneys or employed in law offices?  If so, in what type of law practice are they involved?

    //

### G.    Involvement In The Criminal Justice System

1.  Have you, or has any member of your family, or any close friend, ever been the victim of a crime or participated in a criminal case as a complainant, witness for the prosecution, or in some other capacity?  If yes, please explain.

2.  Have you, or has any member of your family, or any close friend, been arrested or the subject of a criminal investigation, or participated in a criminal case as a defendant, witness for the defense, or in some other capacity?  If yes, please explain.

### H.  Bias

1.  Do you have any convictions, whether moral, political, religious, philosophical or otherwise, that would prevent you from being a fair and impartial juror in this case or that would make it difficult for you to sit in judgment of your fellow man?  For example, do you believe that no one should ever be convicted? Do you believe that a person is guilty just because he is here in court?

2.  To admit to having some sympathy for either the defendant or the United States in this case is nothing to be ashamed of and does not reflect badly upon you as a person.  However, both the United States and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court, according to the Court's instructions on the law, and without regard to any bias, sympathy, prejudice or public opinion for either party.

With this in mind, do any of you know any reason why you would be unable to give either the United States or the defendant a fair trial based solely on the evidence admitted at trial and the instructions given by the Court without regard to sympathy, bias or prejudice?

**I. Burden of Proof**

1.  The Court will instruct you that the government's burden of proof in this case, as in all other criminal cases, is to establish the defendant's guilt "beyond a reasonable doubt."  Do any of you believe that in order to convict the defendant of the charges, you would require the government to prove its case beyond a shadow of a doubt or beyond any possible doubt?

2.  Do you agree to follow all of the Court's jury instructions in this case including the instructions that relate to proof beyond a reasonable doubt?

3.  If the court instructs you that the verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in this case, will you be able to follow that instruction?

**PART II - CASE SPECIFIC VOIR DIRE**

**A.  Case Background**

1.  The defendant in this case is charged with federal offenses which makes it unlawful to sexually exploit a minor with the purpose to produce visual depictions of that exploitation.  I refer to these laws using these specific terms because these terms have very particular meaning.  For example "minor," means a

person less than 18 years of age.  "Sexually explicit conduct" has a very specific meaning.  But for the purpose of this *voir dire* examination, I am going to refer to the offenses charged with the more familiar, shorthand characterization: "child pornography."

2.  Based on what I have said so far, do you know anything at all about the facts of this case from any source, including the media?

3.  Have you heard anything about this case since you arrived at the courthouse?

**B.  Sexual Exploitation of Child / Child Pornography**

1.  Does your job require working with children or do you volunteer with organizations that help children?  If so, please describe the nature of your work or involvement.

2.  Would the fact that this case involves the charge of sexual exploitation of a child prevent you from rendering a fair and impartial verdict?

3.  A part of the evidence in this case could be images of child pornography. The United States alleges that the defendant had something to do with producing them in violation of federal law.  All child pornography images are distasteful, offensive, and unpleasant to view.  However, again the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service.

Is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror - that is to consider all of the evidence and follow the law - simply because images depicting child pornography will be presented to you to view as evidence in the trial?

**C.  Computer/Electronic Media Literacy**

1.  Does your job require working with computers or other electronic media? If so, please describe the nature of your work.

Dated this 21st day of February, 2018.

KURT G. ALME
United States Attorney


/s/ Cyndee L. Peterson
CYNDEE L. PETERSON
Assistant U. S. Attorney

8

CERTIFICATE OF SERVICE

I hereby certify that on 2/21/18, a copy of the foregoing document was served on

the following persons by the following means:

(1)   CM/ECF

( )   Hand Delivery

( )   U.S. Mail

( )   Overnight Delivery Service

( )   Fax

( )   E-Mail

    1.   Evangelo Arvanetes- Attorney for defendant Kutzera

            /s/ Cyndee L. Peterson
            CYNDEE L. PETERSON
            Assistant U. S. Attorney