**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E Pine, 2nd Floor**
**Missoula, MT  59802**
**Phone: 406-542-8851**
**FAX: 406-542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-48-GF-BMM** |
| **Plaintiff,** | |
| | **UNITED STATES'** |
| **vs.** | **TRIAL BRIEF** |
| **JAYCOB TYLER KUTZERA,** | |
| **Defendant.** | |

The United States, by and through its counsel, Cyndee L. Peterson, Assistant

U.S. Attorney, respectfully submits its trial brief pursuant to the Court's Order

(Doc. 13).

1

## INTRODUCTION

Defendant Jaycob Tyler Kutzera is charged by indictment with 35 counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a).  Doc. 1 (Counts 1-31, and Counts 33-36). [1]  The indictment also contains a forfeiture allegation for property used to facility the crime, namely a computer and a cell phone.  *Id*.

## ANTICIPATED PROOF

On April 13, 2016, the Great Falls Police Department received information from the mother of a 12-year-old female (referred to herein as Jane Doe).  At that time, the mother and daughter lived in Great Falls, Montana.  The mother will testify that she contacted the police because she had discovered Jane Doe had been engaging in text message conversations that were explicit and sexual in nature. The mother turned the daughter's cell phone over to the police and allowed them to take over Jane Doe's online account.

Jane Doe will explain that she met an individual on Facebook that she knew as "Jacob" who lived in California.  Jane Doe will state that she and "Jacob" engaged in sexually explicit conversations and exchanged sexually explicit images of each other.  Jane Doe will state that after the conversation had already been sexual in nature, she informed "Jacob" that she was 12 years old.  Despite

---

[1] The United States moved to dismiss Count 32 of the indictment.

informing "Jacob" of her age, Jane Doe will state, and the records will confirm, that the sexual conversation between them continued as did the exchange of sexually explicit images.  In addition to exchanging messages on Facebook, Jane Doe says that she and "Jacob" exchanged mobile phone numbers and also engaged in sexually explicit communications and exchanged sexually explicit images via text message.

On April 14, 2016, Great Falls Police Department Detective Jesse Slaughter determined that "Jacob" was Defendant Jaycob Kutzera who lived in California. Detective Slaughter reviewed and preserved the Facebook communications between Jane Doe and Kutzera.  The communications are sexual in nature and include Jane Doe sending sexually explicit image and video files to Defendant Kutzera.  The content of the messages include Defendant Kutzera requesting sexually explicit depictions of Jane Doe.

Kutzera's residence in California was searched pursuant to a federal search warrant.  At that time, Kutzera was interviewed and admitted he knew Jane Doe was 12 years old.  Knowing that, Defendant Kutzera continued to engage in sexually explicit chats and continued to receive images of Jane Doe engaged in sexually explicit conduct.  In a recorded interview, Defendant Kutzera describes that he sent images of himself naked to Jane Doe.  Kutzera also said that he requested Jane Doe take images and videos of herself engaged in sexually explicit

conduct and send them to Kutzera.  Defendant Kutzera said some of the files were on his electronic devices.  Devices were seized from the residence and shipped to Montana for examination and review.

A Certified Forensic Examiner examined Defendant Kutzera's computer. The examiner identified numerous images and video files depicting Jane Doe in sexually explicit conduct.  Agents also found images and videos of child pornography (depicting Jane Doe) on Defendant Kutzera's LG cellular phone.  The electronic evidence from the phone and computer will show identity evidence establishing the devices belonged to and were used by Kutzera.  The evidence will also include Kutzera masturbating to the child pornography files he received.  The evidence will show that the online chats between Defendant Kutzera and Jane Doe are sexually graphic, and will show that Kutzera expressly told Jane Doe that he wanted to see her engaging in sexually explicit conduct.

## ELEMENTS OF THE CRIME CHARGED

In order to convict Defendant Kutzera of the crimes set forth in the Indictment, the Government must prove the following elements beyond a reasonable doubt:

COUNTS 1 – 31, 33 – 36 (Sexual Exploitation of a Child 18 U.S.C. § 2251(a)):

First, at the time, Jane Doe was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, enticed or coerced, Jane Doe, to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported in and affecting interstate or foreign commerce by any means including by a computer, or the visual depiction was produced using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce.

In this case, "sexually explicit conduct" means actual or simulated: (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person.  18 U.S.C. § 2256(2)(A).  In this case, "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.  18 U.S.C. § 2256(3).  *See* 8.181 Sexual Exploitation of Child, Ninth Circuit Court Pattern Jury Instructions and 18 U.S.C § 2251(a).

<u>FORFEITURE ALLEGATION:</u>

A forfeiture allegation in violation of Section 2253 of Title 18 of the United States Code is included in the Indictment.  In order for the forfeiture allegation to be true, the Government must prove that the following property was used to facilitate the commission of the crimes set forth in the indictment: HP Slimline

Desktop computer, serial number 4C14220ZX4, and LG LGMS345 cell phone, serial number 512CYAS357768.

## LEGAL ISSUES

Pretrial Motions:

1. *Motion in Limine*:  The United States filed a motion in limine which included six requests.  (Doc. 23, 24).  A hearing on the motion was held on December 13, 2017.  Some of the motions were granted and the Court reserved ruling on other requests.  A summary is below:

    First, the United States requested a protective order regarding any reference to the victim's full name in open court or in the open record.  The defendant does not oppose the motion.  (Doc. 27) at 1.  The motion was granted.  (Doc. 32).  The parties and the Court agreed that Jane Doe will be referenced by a first name only.

    Second, the United States requested the Court exclude evidence relating to the victim's other sexually explicit communications with anyone other than Kutzera.  The defendant objects to this request.  (Doc. 27) at 1-2.[2]

---

[2] "This victim was not a cyber-naif. During her interview with law enforcement, she admitted to talking to other guys while she chatted with Mr. Kutzera, and even admitted further that she was exchanging sexually explicit photos with another male.  Testimony concerning this topic could be fashioned by the Court to limit any undue prejudice while also ensuring the jury is aware that Mr. Kutzera was not her first and only person to talk to her thereby making Mr. Kutzera out to be a sexual predator."  Doc. (27) at 2.

At the hearing, the Court reserved ruling until trial and advised the defense to request a sidebar prior to introducing any evidence of the victim's other online sexual behavior not relating to Defendant Kutzera.  (Doc 32).

Third, the United States requested the Court exclude a reference to the victim's sexual history evidence under Rule 412.  The defendant does not oppose the request.  (Doc. 27) at 2.  Although the ruling is not referenced in the minute entry, the Court granted the unopposed request at the hearing. (Doc. 32).

Fourth, the United States requested the Court exclude any testimony, reference or argument about the victim's alleged consent to the crime.  The defendant objects to this request.  (Doc. 27) at 2.[3]  The Court stated there would be no reference to the child consenting to the sexually explicit conduct unless the child testifies to something that would open the door to her cross-examination on the subject of consent.  (Doc. 32).

Fifth, the United States requested the Court exclude evidence relating to the child victim's psychological records or history.  The defendant does

---

[3] "It is imperative to Mr. Kutzera's defense that the jury know that the victim was already trolling for other presumably males in an adult on-line chat room when she came upon Mr. Kutzera.  She clearly was actively engaged in this behavior and clearly was seeking out others to chat with.  The Court may certainly limit the scope of questioning by Mr. Kutzera's counsel, the undersigned, to the victim when she testifies." (Doc 27) at 2.

not oppose this request.  (Doc. 27) at 2.  At the hearing, the defense

indicated that he would not introduce any evidence on this topic without first

obtaining approval from the Court.

Sixth, the United States requested the Court exclude any reference to

potential punishment or specific-instance character evidence.  The defendant

did not take a position on the request to exclude a reference to punishment

but wanted time to research the issue further.  (Doc. 27) at 2.[4]  The

defendant did not oppose the request to exclude specific-instance character

evidence and identified that Kutzera had no intention of bringing up specific

–instance character evidence.  (Doc. 27) at 2-3.  The Court identified that

any reference to punishment called for jury nullification, and the permission

must be granted prior to a reference to punishment.

2. *Motion to Close Courtroom and Limit Publication of Child Pornography*:  The

United States filed a motion in limine to close the courtroom during the child's

testimony and to limit publication of sexually explicit images to the Court, the

parties and the jury.  (Doc. 50).  The Defendant does not oppose the request.

---

[4] "Mr. Kutzera will not take a specific position until he is able to research this issue
further.  If there is a jury instruction request by Mr. Kutzera with regard to this
issue, Mr. Kutzera will submit the instruction in a timely manner or at a time prior
pursuant to Court order." (Doc. 27) at 2.

The motion is pending.  A hearing is scheduled on the motion for February 28, 2018.

3. *Motion to Exclude Testimony*:  The United States filed a motion in limine to exclude the testimony of the Dr. Smelko.  (Doc. 48).  The testimony relates to the Defendant's Notice of Expert Testimony regarding fantasy in online role-playing.  (Doc. 45).  The motion is pending.  A hearing is scheduled on the motion for February 28, 2018.

Stipulations:  The parties have stipulated to admission of the following exhibits:

      Exhibit 1: LG Cellular Phone,
      Exhibit 2: HP Slimline computer, and
      Exhibit 3: Android Mini Cellular Phone.

The parties may have additional stipulations regarding exhibits prior to trial, and the parties will notify the Court at the pretrial conference.

Rule 414 Notice:  The United States filed a Rule 414 notice of its intent to introduce evidence of the defendant's other acts of child molestation.  (Doc. 25). The Defendant filed a response opposing introduction of the Rule 414 evidence. (Doc. 44).  The Defendant has categorized the Rule 414 child pornography as *Jane Doe A* and *Jane Doe B*.  (Doc. 44) at 5-6.  The United States does not intend to introduce any images of *Jane Doe B* at trial.

As to the victim referred to as *Jane Doe A*, the Defendant questions whether the child depicted is under the age of 18, and requests the Court review the exhibit.

The United States will have the images, which are labeled Government's Exhibit 24, available for the Court's review at the pretrial conference.  The victim depicted in the images in Government Exhibit 24 is also depicted in a video found on the Defendant's computer which is labeled as Government's Exhibit 39.  The United States will also have the video available for the Court's review.

Notice of Expert Disclosures:

1. *Computer Forensics*:  The Government filed a Notice of Expert Disclosure regarding the testimony of Certified Computer Forensic Examiner Jim Woog and his examination of the computer in this case.  *See* Doc. (22).

2. *Sexual Fantasy*:  The Defendant filed a Notice of Expert Disclosure regarding Dr. Smelko.  (Doc. 45).  His testimony relates to sexual fantasy.  As identified above, the United State requested the Court exclude this testimony.  (Doc. 48).

Defenses:  The defendant has not provided any notice of defenses pursuant to Federal Rules of Criminal Procedure, Rules 12.1 or 12.2.

## WITNESSES

The Government may call the following witnesses at trial:

Great Falls Police Department Detective Jesse Slaughter
FBI - RCFL Special Agent Jim Woog
Jane Doe's Mother
Jane Doe

//
//
//

## ANTICIPATED EXHIBITS

At this time, subject to additions, the United States anticipates using the

following exhibits:

LG Cellular Phone, HP Slimline computer and Android Mini Cellular Phone
Facebook screenshots from JayKutzera acct
Facebook screenshots from Jaycob Kutzera acct
Recorded interview of Kutzera (10/8/2016)
Screen captures of chats shown to Kutzera during interview
Chart showing Report of Images on Kutzera's LG cellular phone
2 sexually explicit videos (Jane Doe) from LG cellular phone
Forensic Chart depicting videos/images re Indictment Counts 5-31, 33-36
Forensic Chart of images in Recycle Bin
Forensic Chart of images from Unallocated Space
Forensic Chart 1 of sexually explicit images within
*Users\Joe\Pictures\Phone Stuff*
Forensic Chart 2 of sexually explicit photos within
*Users\Joe\Pictures\Phone Stuff*
Forensic Chart of URLs visits
Forensic Chart of Internet Explorer Main History
Forensic Chart of Internet Explorer Daily Weekly History
Forensic Chart of Chrome Internet History
Forensic Chart of Chrome Top Sites
Forensic Chart of Chrome FavIcons
Forensic Chart of Chrome Bookmarks
Forensic Chart of data associated with six selected video files
5 video files re Jane Doe engaged in sexually explicit conduct
Video file regarding unknown girl engaged in sexually explicit conduct

## LENGTH OF TRIAL

The Government expects the trial to last two and one-half days.

//

//

//

11

Dated this 26th day of February, 2018.

                KURT G. ALME
                United States Attorney


                /s/ Cyndee L. Peterson
                CYNDEE L. PETERSON
                Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on 2/26/18, a copy of the foregoing document was served on

the  following persons by the following means:

(1)      CM/ECF
( )      Hand Delivery
( )      U.S. Mail
( )      Overnight Delivery Service
( )      Fax
( )      E-Mail


1.      Evangelo Arvatenes- Attorney for defendant Kutzera


/s/ Cyndee L. Peterson
CYNDEE L. PETERSON
Assistant U. S. Attorney

13