

**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E Pine, 2nd Floor**
**Missoula, MT  59802**
**Phone: 406-542-8851**
**FAX: 406-542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-48-GF-BMM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **JAYCOB TYLER KUTZERA,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Cyndee L. Peterson, Assistant United States

Attorney for the District of Montana, and the defendant, Jaycob Tyler Kutzera, and

the defendant's attorney, Evangelo Arvanetes, have agreed upon the following:

**1.  Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2.  Charges:** The defendant agrees to plead guilty to counts 1, 5 and 36 of the indictment. Counts 1, 5 and 36 charge the crime of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and the offenses each carry a mandatory minimum penalty of not less than 15 years imprisonment and up to a maximum penalty of 30 years imprisonment, a $250,000 fine, not less than 5 years of supervised release and not more than lifetime supervised release, and a $100 special assessment. In addition, if the defendant is not found to be indigent by the sentencing Court, counts 1, 5 and 36 each carry a mandatory special assessment of $5,000 under the Justice for Victims of Trafficking Act of 2015. The indictment also contains a forfeiture allegation.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss the remaining counts of the indictment.

**3.  Nature of the Agreement:** The parties agree that this plea agreement will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss,



AUSA    DEF    ATTY    Date                                        Page 2

counts 2-4, and 6-31, 33-35 of the indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 2-4, 6-31, and 33-35 are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.    Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charges contained in counts 1, 5 and 36 of the indictment. In pleading guilty, the defendant acknowledges that:

**Count 1 - Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251**:

First, at the time, "Jane Doe" was under the age of eighteen years;

Second, that on or about April 7, 2016, the defendant knowingly employed, used, persuaded, induced, enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

**Count 5 - Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251:**

AUSA        DEF        ATTY        Date        Page 3

First, at the time, "Jane Doe" was under the age of eighteen years;

Second, on or about July 10, 2016, the defendant knowingly employed, used, persuaded, induced, enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

**Count 36 - Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251**:

First, at the time, "Jane Doe" was under the age of eighteen years;

Second, that on or about October 1, 2016, the defendant knowingly employed, used, persuaded, induced, enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

| AUSA | DEF | ATTY | Date 2/5/18 | Page 4 |

**Forfeiture Allegation:**

The defendant admits that he used the following described property to commit, or facilitate the commission of, the offenses in this case:

- HP Slimline Desktop computer, s/n 4C14220ZX4, and

- LG LGMS345 cell phone, s/n 512CYAS357768.

**5.    Waiver of Rights by Plea:**

(a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)    The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause

where actual bias or other disqualification is shown, or without cause by exercising

peremptory challenges.  The jury would have to agree unanimously before it could

return a verdict of either guilty or not guilty.  The jury would be instructed that the

defendant is presumed innocent, and that it could not convict unless, after hearing

all the evidence, it was persuaded of the defendant's guilt beyond a reasonable

doubt.

(f)     If the trial is held by the judge without a jury, the judge would

find the facts and determine, after hearing all of the evidence, whether or not the

judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would

be required to present its witnesses and other evidence against the defendant.  The

defendant would be able to confront those government witnesses and the

defendant's attorney would be able to cross-examine them.  In turn, the defendant

could present witnesses and other evidence.  If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the

subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that

the defendant could decline to testify and no inference of guilt could be drawn

from the refusal to testify.  Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.    Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any

way inconsistent with acceptance of responsibility. The United States will move

for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate

under the Guidelines. The parties reserve the right to make any other arguments at

the time of sentencing. The defendant understands that the Court is not bound by

this recommendation.

      7.    **Sentencing Guidelines & Parties' Stipulation:** Although advisory,

the parties agree that the U.S. Sentencing Guidelines must be applied, and a

calculation determined, as part of the protocol of sentencing to determine what

sentence will be reasonable.

      The United States and the defendant agree and hereby stipulate that the

following U.S. Sentencing Commission, *Guidelines Manual*, Special Offense

Characteristics apply:

| | |
|---|---|
| USSG § 2G2.1(b)(1) | +2 (12-16 year old victim) |
| USSG § 2G2.1(b)(2) | +2 (sexual contact) |
| USSG § 2G2.1(b)(6)(B) | +2 (use of computer to entice minor) |

      8.    **Voluntary Plea:** The defendant and the defendant's attorney

acknowledge that no threats, promises, or representations have been made to

induce the defendant to plead guilty, and that this agreement is freely and

voluntarily endorsed by the parties.

      9.    **Restitution:** The defendant also agrees to pay restitution for "Jane

Doe" (associated with counts 1-31 and 33-36) in amount to be determined. The

AUSA    DEF    ATTY    Date                 Page 8

defendant acknowledges the amount may be up to $50,000.  If the amount exceeds

that total, the defendant is not bound by this paragraph and the amount may be

litigated or renegotiated.  18 U.S.C. §§ 3663(a)(3).

     **10.**    **Forfeiture:**  The defendant also agrees to abandon all right title and

interest in the property described in the forfeiture allegation of the indictment,

execute a release and waiver to that effect, or agree to the entry of an Order of

Forfeiture transferring the property to the United States.

     **11.**    **Waiver of Appeal of the Sentence – General:**  The defendant

understands that the law provides a right to appeal and collaterally attack the

sentence imposed in this case.  Based on the concessions made by the United

States in this case, the defendant knowingly waives any right to appeal the

sentence including all conditions of release and orders of restitution, and any right

to bring any other post-conviction attack on the sentence.  The defendant

specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking

the sentence.  This waiver does not prohibit the right to pursue or maintain such an

action alleging ineffective assistance of counsel.

     **12.**    **Megan's Law/Adam Walsh Act Notice:**  The defendant has been

advised and understands that under the Sex Offender Registration and Notification

Act, a federal law, the defendant must register and keep the registration current in

each of the following jurisdictions:  the location of the defendant's residence, the



AUSA    DEF    ATTY    Date

location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**13.** **Detention After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

AUSA    DEF    ATTY    Date

**14.    Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**15.    Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

CYNDEE L. PETERSON
Assistant U. S. Attorney
Date: 3/5/2018

JAYCOB TYLER KUTZERA
Defendant
Date: 4/5/18

EVANGELO ARVANETES
Defense Counsel
Date: 2/5/18

AUSA    DEF    ATTY    Date
2/5/18