EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, Montana 59401
vann_arvanetes@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
      Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAYCOB TYLER KUTZERA,<br><br>Defendant. | Case No. CR-17-48-GF-BMM<br><br><br>**MEMORANDUM IN AID OF SENTENCING** |

COMES NOW, Defendant, Jaycob Tyler Kutzera (Mr. Kutzera), by and through Counsel of record Evangelo Arvanetes, Assistant Federal Defender and the Federal Defenders of Montana, and hereby submits this Memorandum in Aid of Sentencing.

## I. Introduction

On June 28, 2017, Mr. Kutzera was indicted by a federal grand jury. (Doc. 1-2).

On July 25, 2017, Mr. Kutzera was arraigned and pled not guilty to the charges. He was released with special pre-trial conditions. (Doc. 9).

On March 5, 2018, Mr. Kutzera pled guilty to count 1, 5, and 36 of the Indictment. Due to Mr. Kutzera's compliance with his pre-trial conditions, his release was continued to his sentencing hearing. Sentencing was set for June 13, 2018. (Doc. 76).

While Mr. Kutzera's guidelines range is 235-293 months of imprisonment, Mr. Kutzera will be arguing for a sentence at the 15 year mandatory minimum mark (180 months in custody) based upon the factors in U.S.C. § 3553(a).

## II. The Sentencing Procedure

The Ninth Circuit in *United States v. Carty and Zavala*, 520 F.3d 984 (9th Cir. 2008) (*en banc*) (hereinafter, *Carty*), indicated that after Supreme Court decisions addressing the Sentencing Reform Act, the basic framework for establishing the sentence in a criminal case is now settled. *Carty*, 520 F.3d at 990-92. "'[T]he Guidelines factor [may not] be given more or less weight than any other.' So while the Guidelines are the 'starting point and initial benchmark' and must 'be kept in

mind throughout the [sentencing] process,' the Guidelines range constitutes only a touch-stone in the district court's sentencing considerations." *United States v. Autery,* 555 F.3d 864, 872 (9th Cir. 2009) (citations omitted). Although having no greater weight than any other factor, "[a] misinterpretation of the guidelines by the district court 'effectively means that [the district court] has not properly consulted the guidelines.'" *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).

In making its sentencing findings, the Court should expressly mention a § 3553 factor urged by a party, even if the sentencing court assures that it has considered the § 3553 factors. *See, Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456 (2007). *See also, United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (*en banc*) (as amended) ("The touchstone of 'reasonableness' is whether the record as a whole reflects *rational and meaningful consideration* of the factors enumerated in 18 U.S.C. § 3553(a)," quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) *(en banc)* (internal quotation marks and alterations omitted) (emphasis added)). *See, United States v. Paul*, 561 F.3d 970, 974 n.2 (9th Cir. 2009) (district court must listen to and engage the parties' arguments). *See also,* Fed.R.Crim.P. 32(i)(3)(A)-(C).

### III. The Sentencing Mandate

The congressional command is that the Court "shall" impose a sentence that is sufficient "to comply with the purposes set forth" in the Sentencing Reform Act.

Those purposes, discussed more fully below, suggest that a downward variance will comport with 18 U.S.C. § 3553(a).

### IV. Reasonableness Factors

#### A. History and Characteristics and Nature and Circumstances of the Offense

Mr. Kutzera is a 24 year old male from Apple Valley, California who is single, childless, and has zero criminal history points. He is, in short, a person of low social skills who is also heavily involved with computers and computer games and equally heavily reliant on the aid and support of his family – especially his sister, mother, and step-father.[1] Within our criminal justice system, these types of people who end up in the "system" usually gravitate toward computer crimes such as child pornography – they are not, in short, violent offenders, but rather socially inept individuals who hide behind a computer screen as a way to socially interact with other people within society.[2] In context to this, society in general, and the criminal justice system in

---

[1] Driving home this point – Mr. Kutzera actually has a tattoo of a video game logo known as "Metroid."

[2] In fact, during plea negotiations, the undersigned attempted at least twice to obtain of more reasonable sentence of 10 years or less by asking for anything less than the charge even requesting two receipt of child pornography convictions to run consecutively rather than the more draconian 15 year mandatory minimum sentence he ended up pleading to – those efforts by the undersigned to obtain a lower sentence were clearly unsuccessful.

particular, has unfairly further cast out these individuals to its margins.

So, while the Court may use (and should use) its discretion to downward vary to 15 years, due to the mandatory nature of the statute, the Court cannot vary further downward. For people such as Mr. Kutzera – that is a very sad indictment on our criminal justice system, and a draconian way to simply warehouse our clients rather than using to tools of the Federal Criminal Justice System and the Community to help them obtain the counseling they deserve and need within a more suitable community setting.

Mr. Kutzera hopes the victim gets help for her problems, but these problems are not the doing of Mr. Kutzera. This poor victim was already in a cauldron of dysfunction before she even met Mr. Kutzera on-line. Discovery provided by the Government indicates several examples of this notion. Around the time she even met Mr. Kutzera and actually sought *HIM* out in an *Adult* on-line chatroom on Facebook, she had already gotten her phone take away by her mother for presumed inappropriate communications. Moreover, as stated above and with emphasis, the victim is actually the one who sought out Mr. Kutzera, a social dwarf, in this adult on-line chat room which was off limits to minors such as herself. Finally, discovery also revealed that the victim was exchanging illicit images with another adult male from Arkansas (who may still remain at large) as well as chatting with *many* other adult males in this chat

room while spurning young local males her own age.[3]

Even more disconcerting, yet also extremely sad, are the actions of the victim's mother – who somehow due to the ineptitude of the system may still have custody of the victim. In public records obtained by the Federal Defenders of Montana investigation and provided to both the Government and United States Probation Officer Toni Wells long prior to the final draft of the PSR, the victim was actually sexually victimized *after* this present case was commenced in Federal Court while the victim's mother relocated to Arizona.

In courts records, a Matthew Cleave was charged with 13 counts of sexual crimes ranging from Sexual Abuse, Sexual Conduct with a Minor, and Fail to Report Neglect of a Minor. In addition, ***the victim's own mother***, was also charged in this sordid affair (and has already pled to the reduced charge) with Fail to Report Neglect of a Minor. (*See*, Exhibit A).

Currently, Mr. Cleave has been placed off docket for competency issues so the undersigned has no word of a final disposition at this time. In addition, the victim's own mother is believed to have been sentenced to either a deferred sentence or

---

[3]In one FB message reviewed at the ICE office, the victim tells one of her male peers that he was just a "phase".

probation for her involvement.[4]

None of this absolves guilt or acceptance of responsibility by Mr. Kutzera for his actions of chatting, viewing pictures, sending pictures, and masturbating on many occasions with the victim in this case. The reality and the point the undersigned stresses in these pages is that this victim IS a victim – but not all of it is placed on the shoulders of Mr. Kutzera. Yet, it will be Mr. Kutzera's fate to spend many many years in prison because of a statute which precludes *any* discretion by this Honorable Court – and that is just not Justice or Fair.

Thus, Mr. Kutzera would never blame the victim; but he, through his counsel, does rest much of the onus on the victim's mother's conduct; the victim's mother *is* an adult.

**B.    The Need for the Sentence imposed to:**

    **1.    Reflect Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

---

[4]The undersigned must pause for a moment to gather his thoughts – imagine these two people – Mr. Cleave and victim's mother – who may get less time (in Mr. Cleaves case) for alleged **multiple** instances of **hands-on** behavior . . . and . . . Mr. Kutzera who "got off" on pictures of the victim has no choice by to get a sentence of **at a minimum** 15 years in Federal Prison. . . . – Mr. Kutzera – who has probably spent a total of one (1) day in jail in his life with no record and who confessed to his actions when met by law enforcement. In the words of Col. Kurtz (played by Brando) in the epic film Apocalypse Now – "The Horror; The Horror".

A downward variance to 180 months is certainly unfair and unreasonable. But in the nature of this case and with no discretion to do otherwise, the Court should at the very least make this consolation in the interest of whatever sense of justice exists in this factual and legal paradigm of a system each of us currently work within.

## It is neither fair or just, but it is our only choice.

### 2. Deterrence

Mr. Kutzera has been deterred already as shown by his success out of custody on pre-trial release. During this case, he has made all of his court appearances either by video or in person, remained in contact with the undersigned, and still is in counseling to help deal with his acute depression.

Another 15 years in prison will be a deterrence to any further conduct as he will not have access to the internet presumably while in BOP custody.

### 3. Protect the Public from Further Crimes of the Defendant

A fifteen year sentence will protect the public from future opportunities for Mr. Kutzera to meet women on the internet in the foreseeable future.

### 4. The need to provide Education, Vocational Training, Medical Care

Mr. Kutzera has a lot to offer in the form of work and industry. He has an aptitude and interest in fixing computers and robotics.

## C. The Kind of Sentences Available

Due to our system of justice, there is not much flexibility or discretion for this Court based upon the statute of this charge which carries a mandatory minimum sentence of 180 months.

Thus the undersigned has no alternative but to request such a sentence.

## V. Conclusion

In short, there is not much more the undersigned can say about this sad indictment on the system then to say that he is simply impotent to ask for a just and fair sentence.

Therefore, his only recourse is to ask for a downward variance of 180 months and relinquish any conscious complicity in this unfair disposition.

This is clearly a travesty of justice, yet as an officer of the court, he is unable to request anything further.[5]

---

[5]Finally, it is unfortunate based upon the REAL POLITIK of today's political climate that a very fair and good prosecutor, Ms. Cyndee Peterson, is also powerless to have offered anything less.

We therefore must be confined (and resigned) to this Orwellian existence and continue to fight for our clients within the confines of the current system of Justice. The undersigned, like the iconic character Winston Smith in the novel *1984*, must sit at his desk hoping that one day in the future change will occur.

Yet, the undersigned will ***never*** idly rest, numbing his sense of reality, as

WHEREFORE, for the foregoing reasons, the undersigned recommends a sentence of 180 months because he cannot request anything less.

RESPECTFULLY SUBMITTED this 7th day of June, 2018.

/s/ Evangelo Arvanetes

---

Winston does at the novel's conclusion sipping cheap gin in the Chestnut Tree "Café" and allow *injustice* to occur. Rather, he will continue to fight for his clients – many like Mr. Kutzera – from within – knowing there are better, fairer, and more righteous days ahead.

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 7, 2018, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| 4 | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. CYNDEE PETERSON
   Assistant United States Attorney
   United States Attorney's Office
   Counsel for the United States of America

3. JACOB TYLER KUTZERA
   Defendant

4. ANTOINETTE M. WELLS
   United States Probation Officer
   United States Probation Office
   Missouri River Courthouse
   125 Central Avenue West, Ste. 120
   Great Falls, Montana 59404

/s/ Evangelo Arvanetes