**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-48-GF-BMM** |
| **Plaintiff,** | |
| vs. | **UNITED STATES'** |
| | **SENTENCING** |
| **JAYCOB TYLER KUTZERA,** | **MEMORANDUM** |
| **Defendant.** | |

The United States of America, by and through Assistant United States

Attorney Cyndee L. Peterson, respectfully files this memorandum to aid the Court

in its sentencing proceeding.

### A. Introduction

Defendant Jaycob Tyler Kutzera is a 24-year old male who comes before the

1

Court for sentencing after his plea of guilty to three counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). The U.S. Probation Office prepared a final presentence report (PSR) dated June 4, 2018 that outlines the nature of the offenses and discusses statutory sentencing factors as well as the defendant's personal history and characteristics.

The parties reached a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Doc. 74). In exchange for the defendant's plea of guilty to the Counts 1, 5 and 36 of the Indictment, the Government agreed to dismiss the remaining counts in the Indictment, and both parties agreed to specific sentencing enhancements under the United States Sentencing Guidelines. (Doc. 74 at ¶¶ 3, 7). The defendant also agreed to admit the forfeiture allegation (cell phone and computer) and agreed to pay full restitution to the victim (up to $50,000). (Doc. 74 at ¶¶ 9, 10). The defendant waived all right to appeal the sentence imposed including any conditions of release and orders of restitution. (Doc. 74 at ¶ 11). The parties reserved the right to make any other arguments at sentencing. (Doc. 74 at ¶ 6).

### B. Statutory Penalties, PSR and Sentencing Guidelines Calculations

For each of the three counts, the statutory penalty is not less than 15 years of imprisonment or more than 30 years of imprisonment. PSR ¶ 92. This Court may

2

order the terms to run consecutive or concurrent.  18 U.S.C. § 3584(a).  The

defendant is also subject to a term of supervised release of not less than 5 years but

the term can be for the rest of the defendant's life.  PSR ¶ 95.  The Court may also

order the defendant to pay a fine of up to $250,000.  PSR ¶ 101.  The Court must

also impose the $100 special assessment per count (total assessment is $300), and,

if the defendant is found to be non-indigent, must impose the $5000 assessment per

count (total assessment would be $15,000) under the Justice for Victims of

Trafficking Act of 2015.  PSR ¶¶ 102-103, 106.

The PSR calculated defendant's guideline range and neither party had any

objections to the PSR.  PSR at ¶¶ 20-53; PSR Addendum.  After applying the

special offense characteristics, the guideline calculation yielded an adjusted offense

level 38 for each count.  PSR ¶¶ 29, 37, and 45.  After a three-level increase for the

multiple count adjustment and a three-level reduction for acceptance of

responsibility, the defendant's total offense level is 38.  PSR ¶¶ 46-53.  With a

criminal history category of I, the defendant falls within the sentencing range of 235

to 293 months.  PSR ¶¶ 58, 93.  The Guidelines recommend the statutory term of

supervised release which is five year to life.  PSR ¶ 97.  As the defendant

committed sex offenses, the Sentencing Guidelines recommend imposition of the

maximum term of supervised release, lifetime, for the defendant.  *See* USSG

§ 5D1.2(b).  The Guidelines recommend a fine in the amount of $50,000 to $250,000.   PSR ¶ 104.

Finally, pursuant to 18 U.S.C. § 2259, restitution to the victim in this case is mandatory.  PSR ¶ 107.  The defendant agreed to pay restitution, up to the amount of $50,000, to the victim.  The victim has submitted a restitution request to the United States Probation Office in the amount of $7,405.90.[1]  *See* attached Restitution Request attached hereto as Exhibit A.  The PSR identifies losses in the amount of $18,233.40 but that amount was from an earlier request for restitution that did not include future counseling costs.  PSR ¶ 107; See prior restitution request attached hereto as Exhibit B.

### C. Government's Recommendation

The Government recommends a sentence of imprisonment of 235 months followed by a term of lifetime supervised release.  The United States requests the Court enter an order of restitution in the amount of $7,405.90.  It does not appear the defendant has the ability to pay a fine.  Further, to say that the defendant's work history has been minimal is an understatement.  While he is physically capable,

---

[1] The total amount of losses is $22,523.40.  While the Court generally does not consider other sources of reimbursement such as insurance when ordering restitution, the victim is not seeking reimbursement for the entire amount of losses. She is only seeking reimbursement for losses not reimbursed by her insurance.  18 U.S.C. § 2259(b)(4(B).

based on his work history and ability to obtain gainful employment upon his release, it appears the defendant is indigent and should not be ordered to pay the $5,000 JVTA assessment.

In determining a reasonable sentence, the Court must consider the factors listed in 18 U.S.C. § 3553(a). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court is entitled to a broad amount of information in determining the sentence of a defendant, and "[n]o limitation shall be placed on the

information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

### 1. *The Nature and Circumstances of the Offense*

At the time of these crimes, the defendant lived in California with his father. The victim in this case was living in Great Falls with her mother. When she was twelve years old, Defendant Jacob Kutzera befriended her online, groomed her, and then sexually exploited her. The sexual exploitation continued over a period of six months and resulted in the creation of numerous sexually explicit images and videos of the victim. These files clearly depict the victim's face. While we have no evidence that the defendant distributed these files, the victim will have to worry, likely for the rest of her life, about whether another pedophile is sexually gratifying himself while looking at them. She'll have to worry about whether her friends at college have seen or can access these videos. This type of crime can haunt a victim for years and years.

The defendant engaged in chats with the victim that are incredibly sexually graphic. He directed her on what to do in terms of engaging in sexually explicit conduct including penetrating herself with foreign objects. He begged her to video herself using an adult sex toy so he could watch. Even after the child said she did

not want to do that, the defendant pleaded with her telling her how much "daddy" would like it.  All of these actions occurred after the defendant unequivocally knew this child was twelve years old.  Upon learning her young age, rather than stop communicating with the victim, Kutzera used her age to his benefit assuring her that he had been twelve years old once too, and he could help her navigate this difficult time in her life.

### 2. History and Characteristics of the Defendant

The defendant is 24-years old, has a high school diploma, is not married and has no children.  While he entered the Army National Guard, he did not complete basic training.  During a mental health evaluation, Mr. Kutzera reported he was kicked out of the National Guard because "he was caught using a cell phone" and "lied about the phone."[2]  He has sporadically worked for his step-father as a handyman, and his only other meaningful term of employment has been as a Food Runner for three months in 2013.  He is in good physical health and has no mental health issues other than depression over this case.  He rarely drinks alcoholic beverages and does not abuse dangerous drugs.   A psychosexual evaluation was not submitted to the Court.

In addition to the exploitation and abuse of the victim in this case, the

---

[2] *See* Sharper Future Mental Evaluation dated November 14, 2017.

defendant also downloaded and possessed images and videos of other children engaged in sexually explicit conduct. Further, while a psychosexual evaluation has not been filed, it is clear the defendant is sexually attracted to children as he said he masturbated to videos of child pornography. During an interview with law enforcement officers, he also admitted he received sexual gratification from looking at sexually explicit images of children.

3. *The Seriousness of the Offense, Promoting Respect for the Law, and Provision of Just Punishment*

The production of child pornography is undisputedly a grave offense. As the Supreme Court has explained, "[c]hild pornography harms and debases the most defenseless of our citizens. Both the State and Federal Government have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). Congress, too, has explained the difficulties in successfully combating the "immense" problem of child pornography and the "rapidly-growing market" for such materials, which is fueled by new technologies that were largely unavailable when the Sentencing Guidelines were first promulgated. *See* S. Rep. No. 108-2 (2003).

Indeed, despite the "pernicious evil" of the crime, Congress has repeatedly expressed its dismay about the "excessive leniency" of federal sentences, *see* H. Rep. No. 108-66; S. Rep. No. 104-358, especially in light of the "continuing harm"

8

caused to the children appearing in such materials, as well as the inflammatory effect it has on the "desires of child molesters, pedophiles, and child pornographers," which results in a robust and growing market for child pornography and therefore increased abuse of innocent children, *see* Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26, 27 (1996), codified at 18 U.S.C. § 2251 note; *United States v. MacEwan*, 445 F.3d 249, 250 (3d Cir. 2006); *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998) ("[T]he victimization of the children involved does not end when the pornographer's camera is put away.").

Congress has found that child pornography "is a form of sexual abuse which can result in physical and psychological harm, or both, to the children involved." Child Pornography Prevention Act of 1996, 1 Pub. L. No. 104-208, § 121, 110 Stat. 3009 (1996) (codified as amended at 18 U.S.C. § 2251).  Congress found that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *Id.* Furthermore, "it inflames the desires of …pedophiles … who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the

9

existence and use of these materials." *Id.*; *see also New York v. Ferber*, 458 U.S. 747, 757 (1982).

As to additional sentencing factors for this Court to consider, there is a strong need to promote respect for the law through an adequate punishment of the defendant. The calculated sexual exploitation of the minor victim in this case demonstrates the need to promote respect for the law by the defendant and others who have similar desires to sexually exploit and abuse children. As to a provision of just punishment, the United States submits that a term at the low-end of the applicable Sentencing Guideline range is an appropriate punishment for the despicable crimes the defendant committed in this case.

Child pornography offenders like the defendant prey upon the most vulnerable members of our society, our children, for their own sexual desires. The crimes to which the defendant has pled guilty are serious offenses, with lasting effects on the victim of the crimes. Child pornography offenders do not discriminate between victimizing a child across the street or a child in Montana. Indeed, the defendant's victimization has had a tremendous impact on the victim in this case. This defendant should be appropriately punished, and a sentence within the guideline range will hold him accountable for his actions.

*4.  The Need to Deter Future Crimes and to Protect the Public*

Based on the egregious nature of the defendant's criminal misconduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in online child sexual exploitation and child pornography.  The sexual abuse of children and the recording of such abuse is a deplorable offense that cannot be tolerated in our society.  Absolutely no responsibility for this crime should be placed on the child for being in a chat room as *she is a child.*  The defendant knew the victim's age and used that to his advantage.

The defendant repeatedly manipulated the minor victim and went to great lengths to groom her and control her.  Even when she was suicidal and sent the defendant a picture of her holding a gun to her head, nothing stopped the defendant from his focus of obtaining sexually explicit images of the twelve year old girl. Given his actions, the defendant clearly presents a danger to the public and other minor girls in the online community.  The damage this defendant has inflicted on this child cannot be undone and its effects will likely be permanent.  The defendant clearly treasured the sexually explicit material he possessed, and he had no regard for the suffering of the children being abused in the images and videos.

**D. Conclusion**

When the Court considers all of the factors enumerated in 18 U.S.C.

§ 3553(a), the victimization of the children, the Guidelines and Guidelines Policy

Statements, a Guidelines sentence of 235 months of imprisonment followed by a

lifetime term of supervised release is the reasonable and appropriate sentence.  Such

a sentence considers the § 3553(a) factors including consideration of the

Defendant's criminal conduct in this case and the need to protect the public from

further crimes of the defendant – especially young girls who are online like the

young victim in this case.

DATED this 7th day of June, 2018.

> KURT G. ALME
> United States Attorney
>
> */s/ Cyndee L.  Peterson*
> Assistant U.S. Attorney
> Attorney for the Plaintiff

CERTIFICATE OF SERVICE


I hereby certify that on June 7, 2018, a copy of the foregoing document

was served on the  following persons by the following means:


(1)     CM/ECF
( )     Hand Delivery
( )     U.S. Mail
( )     Overnight Delivery Service
( )     Fax
( )     E-Mail

   1.  Evangelo Arvanetes- Attorney for defendant Kutzera


                              */s/ Cyndee L.  Peterson*
                              Assistant U.S. Attorney
                              Attorney for the Plaintiff