## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYCOB TYLER KUTZERA,<br><br>Defendant. | CR 17-48-GF-BMM-1<br><br><br>**ORDER** |

## BACKGROUND

Defendant Jaycob Tyler Kutzera ("Kutzera") filed a motion for compassionate release on February 9, 2024. (Doc. 113.) Kutzera filed subsequently a supplemental brief on April 16, 2024. (Doc. 116.) The government opposes Kutzera's motion. (Doc. 117.)

Kutzera pleaded guilty to three counts of sexual exploitation of a child, in violation of 18 U.S.C § 2251(a). (Docs. 74, 75) The Court sentenced Kutzera to 180 months' custody on each count, running concurrently, followed by 5 years' supervised release on each count, running concurrently. (Doc. 91.) Kutzera's release date is projected to be May 23, 2031. *See* bop/gov/inmateloc/, last viewed August 6, 2024. Kutzera is incarcerated at Terminal Island FCI. *See id.*

### I.     Availability of Relief Under 18 U.S.C. § 3582

The First Step Act of 2018 permits district courts to reduce an existing term of imprisonment on motion from the defendant so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission; (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a); and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

The Sentencing Commission policy statement, which took effect on November 1, 2023, controls. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023). The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). Specific examples include circumstances where a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* at § 1B1.13(b)(1)(C). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* at § 1B1.13(d). Rehabilitation may be considered, however, "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is

warranted." *Id.*

## II.     Whether Kutzera has exhausted administrative remedies.

Kutzera provides evidence that he petitioned Warden Engleman for compassionate release on January 6, 2024.  (Doc. 116-1.) Warden Engleman denied Kutzera's petition on February 16, 2024. (Doc. 116-2.) Kutzera exhausted administrative remedies as required by statute.

## III.    Whether Kutzera has demonstrated extraordinary and compelling reasons.

Kutzera claims that he suffers from seizures and that medications provided to address these seizures prove ineffective. Kutzera claims relatedly that he suffers from anxiety, agitation, and bouts of elevated blood pressure. Kutzera argues that these medical issues amount to extraordinary and compelling reasons to warrant compassionate release or a sentence reduction. The medical records provided indicate that Kutzera has received treatment for seizures since approximately May 27, 2022, to varying degrees of success. The Court recognizes that Kutzera has continued to experience symptoms and side effects while receiving treatment, including drowsiness, mood instability, and anxiety.

The Court considers Kutzera's rehabilitation in conjunction with his medical circumstances. Kutzera asserts that he has no disciplinary record while incarcerated. Kutzera additionally provides evidence of the education programming that he has completed while incarcerated. (Doc. 116-3.) The Court determines that Kutzera's

3

medical history, considered alongside his educational accomplishments and good behavior record while incarcerated, amount to extraordinary and compelling reasons pursuant to the Sentencing Commission policy statement.

### IV.   Whether granting Kutzera's motion comports with the factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a) of title eighteen of the U.S. Code provides that pertinent sentencing factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.

The Court determines that the section 3553(a) factors support a slight reduction in Kutzera's sentence, not immediate release. Kutzera reports that he has no disciplinary record while incarcerated. He has completed approximately 20 classes while incarcerated. Kutzera has received effective correctional treatment, as evidence by his educational accomplishments while incarcerated, and done so while maintaining a good disciplinary record. The Court determines that 150 months of custody properly reflects the seriousness of Kutzera's offenses, provides just punishment, and promotes respect for the law.

### ORDER

Accordingly, **IT IS ORDERED**:

Kutzera's motion for compassionate release (Doc. 113) is **GRANTED in part.** Kutzera's sentence shall be reduced to 150 months of custody on counts 1, 5, and 36 of the Indictment, running concurrently. Kutzera shall be placed on supervised release upon release from custody for a term of 5 years on counts 1, 5 and 36, running concurrently. All other terms and conditions of the Court's second amended judgment (Doc. 100) shall remain in effect.

DATED this 6th day of August 2024.

Brian Morris, Chief District Judge
United States District Court